[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action brought by a man against a woman he believed had promised to marry him. As this marriage did not occur, he now seeks the return of $17,927.03 that he gave to her based upon his belief that a marriage between them would occur. The amended complaint contained four counts. Three of these counts, one, three and four, are not legally viable in view of General Statutes § 52-550. Accordingly, before the trial began, the court entered judgment for the defendant on the latter three counts. The sole count left for the court to decide is the plaintiffs claim for unjust enrichment.
The court heard from both the plaintiff and the defendant at trial and had the opportunity to observe their demeanor, question both and assess their credibility.
The court finds the following facts. The parties entered into a romantic relationship in 1993. At the time both parties were married to other persons. It is apparent that the plaintiff was the more ardent of the two. During the next three or so years of their relationship the plaintiff faced a life threatening onslaught of cancer. Both parties agreed he was terminally ill. The plaintiff had many surgical procedures including the resectioning of several vital organs. He received chemotherapy as well. During this time period the defendant, referred to CT Page 12606 as "Angel" was most supportive of the plaintiff. She researched his disease, provided healthy foods, and folk type medicinal treatment to him. While traveling she lit candles in churches for his healh.
According to the plaintiff their plan was to have the defendant divorce her husband first and then he would divorce his wife. During this period the parties exchanged gifts and otherwise spent money on one another.
The defendant admitted that she did care for the plaintiff, sincerely sent him warm greeting cards and agrees that she did love him in the past.
It is clear that the plaintiff was anxious for the defendant to obtain her divorce and "insisted" that her lawyers receive a sum approximating $10,000 to "buy her husband off'. Another $6,000 was placed in her investment account by the plaintiff by his own doing and without her request. (That account is now worth about eighty dollars.)
In March of 1997, after returning from a trip, the defendant announced that their relationship was over. The plaintiff felt "shocked" at this revelation and shortly thereafter asked for a demand note for the money he advanced to her lawyers and otherwise asked for the return of his funds. The defendant said "no". The defendant on the stand denied that she ever committed himself to marry the plaintiff. In fact, the plaintiff, under the court's questioning enumerated a number of times he asked her to marry him lending the court to observe that if there were an agreement to marry why does the question have to be proposed so often?
The court finds an obviously heartsick man who perhaps unintentionally saw more in the relationship than his partner. The court cannot find unjust enrichment here by any standard.
The court notes that the defendant has remarried and that the plaintiff apparently has a significant other with him at trial. (He wished her to sit at counsel table as co-counsel pro se.)
Hopefully, both parties will look forward rather than backward and live productive and happy lives. Judgment shall enter for the defendant.
Gill, J.